IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**HECTOR M. RIVERA-VALENTIN,**        *
        Plaintiff,                    *
                                      *
                                      *
                                      *
             v.                       *
                                      *      **CIVIL NO. 10-2162(JAG)**
                                      *
**JOSE E. FERRER-ROMAN, et. al.,**    *
        Defendants.                   *
_____      *

## OPINION & ORDER

Before the Court is Plaintiff Hector M. Rivera-Valentin's (herein after "Plaintiff" or "Rivera-Valentin") writ of habeas corpus under 28 U.S.C. Sec. 2254 filed on December 1, 2010,the same was filed in the Spanish language(D.E. 4)[1]. On December 27, 2010, Defendants filed a Motion to Dismiss and Memorandum of Law (D.E. 12). On January 11, 2011, Plaintiff filed an Informative Motion as a response to Defendants' Motion to Dismiss, the same was filed in the Spanish language (D.E. 14). On January 26, 2011, this Court issued an Order informing Rivera-Valentin that it would not consider D.E. 14 as a response to the Motion to Dismiss for the same was filed in the Spanish language (D.E. 15). On March 30, 2011, Defendants filed a Motion to Adjudicate Due to Unopposed Motion to Dismiss and submitted as accompanying documents certified translations of all Spanish documents which Defendants requested the

_____

[1]D.E. is an abbreviation of docket entry number.

Court consider in the evaluation of the Motion to Dismiss (D.E. 16)[2].  On March 23, 2012, this Court issued an Order denying without prejudice Defendants' Motion to Dismiss (D.E. 12) as well as Defendants' Motion to Adjudicate (D.E. 16).  The Court instructed Defendants to file with the Court certified translations of Plaintiff's original 2254 Petition (D.E. 4) as well as any other documents relevant to Defendants filing a Motion to Dismiss.  This was to be done prior to the re-filing of a renewed Motion to Dismiss (D.E. 20).  On April 16, 2012, Defendants filed the certified translation as instructed by the Court without any additional documents for the Court to consider[3](D.E. 22) as well as their renewed Motion to Dismiss (D.E. 23).

For the reasons discussed below, the Court finds the Petitioner's writ of habeas corpus under 28 U.S.C. Sec. 2254 shall be **SUMMARILY DENIED.**

## I. BACKGROUND

Plaintiff Hector M. Rivera-Valentin a state prisoner presently confined in a penal institution of the Commonwealth of Puerto Rico, has filed a pro se application

---

[2]The sum of which was the certified translation of Rivera-Valentin's Spanish language response to the original motion to dismiss, that is D.E. 14.  No further documents were submitted by the Defendants to support their allegations.

[3]At no time, although provided with the opportunity to do so, did Defendants attempt to present a clear record of the state proceedings related to this case.  Never once did Defendants file any certified translations of local court determinations as to Rivera-Valentin's state conviction and post conviction proceedings.

for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254.
Petitioner filed this habeas corpus before federal court
alleging abuse of discretion of his trial judge in not
allowing certain character evidence to be presented during
his trial; as well as an abuse of discretion by the trial
judge regarding the sentence Plaintiff was imposed once
convicted.    Rivera-Valentin raises a second allegation
directed towards the investigating officer of his case.
The Court notes that Plaintiff specifically indicates that
he is not alleging ineffective assistance of counsel (D.E.
16-1).

     Rivera-Valentin, after a jury trial, was convicted of
lascivious or obscene acts; crime against integrity as
stated in Article 105 of the Puerto Rico Penal Code[4] (D.E.
22-1).   As a result of his conviction Rivera-Valentin was
sentenced by the Court of First Instance, Aguadilla Part,
to a term of imprisonment of twenty four (24) consecutive
years (apparently Rivera-Valentin had a prior conviction at
the state level) (D.E.22-1)[5].   As admitted by Rivera-

---

[4]The facts which lead to Rivera-Valentin's conviction remain a
mystery as neither party detailed them in their writings before
this Court.

[5]The Court notes that Rivera-Valentin states in his original
Spanish language 2254 petition that his date of conviction was May
16, 2010 (D.E. 4), in the certified translation provided by
Defendants the date of conviction is stated as May 5, 2010 (D.E.
22-1).   The Court further notes that Plaintiff in his 2254 petition
indicates that he requested a reconsideration of his sentence and
the same was denied on March 6, 2009 (D.E. 22-1).   Rivera-Valentin
further alleges that he made a second request to the Court of First
Instance, Aguadilla Part, for a reconsideration of his sentence and

Valentin, he did not appeal his conviction nor his denial for reconsideration of sentence  (D.E. 16-1).

## II. DISCUSSION

Pursuant to federal law, a prisoner who claims is being held by the state government in violation of the Constitution, or laws of the United States may file a civil law suit in federal court seeking a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254.

---

the same was denied on February 10, 2009 (D.E. 22-1).  Plaintiff then provides a third date for the denial of a motion for reconsideration of sentence, this date being May 21, 2008 (D.E. 22-1).  The dates of the three post conviction motions allegedly filed by Plaintiff are all prior to the date provided by Plaintiff as his date of conviction.

Unfortunately, Defendants spent no time in trying to provide an accurate date for Rivera-Valentin's conviction and post-conviction filings as they just merely re-stated the dates provided by Plaintiff and proceeded to inform the Court of the obvious, that the same were not logical.  In fact, Defendants went a step further and used the confused dates provided by Plaintiff to argue for the dismissal of the Petition.  This action by the attorneys for the Puerto Rico Department of Justice leaves a lot to be desired.  It is not a representation of what the proper practice of law should be.  Before the Court is a pro-se Plaintiff who clearly has a low level of education and is confused as to which dates should be put in the corresponding blanks of the 2254 petition.  It is the duty of the attorneys for the Puerto Rico Department of Justice, who have the accurate dates at their disposal, to clarify for the Court the proper dates of conviction and subsequent filings by this Plaintiff.  It is inexcusable that attorneys as officers of the Court wish to perpetuate the inaccurate record and use it to their advantage by the mere fact that Plaintiff is a pro-se confused petitioner.  The Puerto Rico Department of Justice is fore-warned that all future filings before this Court shall contain accurate dates and supporting documents for the convictions and subsequent state filings referred to in 2254 petitions.  The practice of law consists of properly using the laws not in taking advantage of what is clearly a confused pro-se litigant; such is not the oath of a lawyer and said conduct will not be accepted by this Court.

A federal court's review of a 28 U.S.C. Sec. 2254 petition is not a direct review of a state court's decision.  The petition is a separate civil suit considered a collateral relief.  The federal habeas corpus is not a constitutional, but rather a statutory relief codified in 28 U.S.C. Sec. 2254.

Prisoners in state custody who choose to collaterally challenge in a federal habeas proceeding their confinement are required to comply with the "independent and adequate state ground doctrine".  This doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner has failed to meet a state procedure requirement."  See Yeboah-Sefah v. Ficco No. 07-2585(1st Cir.,February 19, 2009) citing Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).  As such Petitioner must meet the initial requirements.

Plaintiff is required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings.  The highest state court available must have a fair opportunity to rule on the merits of each and every claim which petitioner seeks to raise in federal court.  In order to fulfill this exhaustion requirement, the petitioner must  have fairly presented the substance of all of his federal constitutional claims to the highest state court.  Levine v. Commissioner of Correctional Servs., 44 F.3d 121, 124 (2nd Cir. 1995).  The state court must have been apprised of both the factual and legal basis for those

claims. <u>Grey</u> v. <u>Hoke</u>, 933 F.2d 117, 119 (2nd Cir. 1991).

The United States Supreme Court has held that, in order to satisfy the exhaustion requirement, a plaintiff requesting federal habeas corpus review is required to present claims to the state supreme court even when its review is discretionary. <u>O'Sullivan</u> v. <u>Boerckel</u>, 526 U.S. 838 (1999). The burden of proving that a federal habeas claim has been exhausted in state court lies with the petitioner. Rivera-Valentin has not met this burden.

In the Commonwealth of Puerto Rico there is a two-tier system for post conviction relief. In order for Plaintiff to exhaust his state court remedies, Rivera-Valentin must first file a Rule 192.1 motion pursuant to the <u>Puerto Rico Rules of Criminal Procedure</u> requesting the trial court to vacate, set aside, or correct the judgment (34, L.P.R.A. App. II Rule 192.1). An appeal may be filed from the subsequent denial of a Rule 192.1 motion. Once the appeal has been denied by the Puerto Rico Court of Appeals then Petitioner must file a writ of certiorari to the Supreme Court of Puerto Rico, <u>Id</u>. As an alternative to appealing the conviction, Rivera-Valentin should have filed a petition pursuant to section 1741 of the Code of Criminal Procedure requesting a writ of habeas corpus (34, <u>L.P.R.A.</u> Sections 1741-1743). These state requirements must be exhausted prior to a section 2254 filing in Federal Court.

Although as previously stated, the dates provided by Rivera-Valentin are unclear, it seems that Rivera-Valentin

filed a reconsideration of his original conviction before the Court of First Instance, Aguadilla part.  There is no evidence on the record that Plaintiff ever went the next necessary step and appealed the denial of the reconsideration nor is there evidence on the record that Plaintiff filed for local habeas relief.  Furthermore, Rivera-Valentin admits that he did not file an appeal (D.E. 22-1 at p. 2).  Therefore, the Court is faced with a case of failure to exhaust state remedies.

In the present case, Plaintiff has failed to exhaust state remedies concerning the facts as alleged in his petition.  There is no evidence on the record that establishes that Rivera-Valentin proceeded with a filing of a writ of habeas corpus pursuant to section 1741 of the Puerto Rico Code of Criminal Procedure.  The Court reiterates that this is a requirement for all local prisoners challenging their state conviction at the federal level as an alternate ground for relief.  Sanchez-Roa v. Marrero-Scaraballo, 2010 WL 500403 (D. Puerto Rico, 2010). Thus, Rivera-Valentin's federal petition for habeas relief pursuant to section 2254 can not proceed.

When a petitioner has procedurally defaulted a claim by failing to raise it on direct appeal, the claim may be raised on habeas review only if the petitioner can demonstrate "cause" and "actual prejudice", Murray v. Carrier, 477 U.S. 478, 485 (1986), or that he is "actually innocent". Smith v. Murray, 477 U.S. 527, 437 (1986).  The

cause and prejudice test should be applied in all occasions where a procedural default bars litigation of a constitutional claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Out of an abundance of caution the Court will proceed to apply the same to the case at hand.

To establish cause, a petitioner must establish that some external impediment frustrated his ability to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478 at 488. A petitioner must present substantial reason to excuse the default. Amadeo v. Zant, 486 U.S. 214, 233 (1988).

For purposes of this Opinion & Order, the Court will assume that Plaintiff supports the "cause" prong with the allegation that due to his lack of money he was unable to pay for the services of an appeal lawyer (D.E. 22-1 at p. 2). However, since it is established "that there is no right to counsel in state collateral proceedings," Coleman v. Thompson, 501 U.S. 722, 755 (1991), Rivera-Valentín's lack of counsel cannot constitute "cause" to excuse a procedural default. Id at 757.

Plaintiff provides no further explanation for his procedural default. This Court must and is very deferential to pro-se litigant filings but it can not conjure up reasons for non compliance and then test each reason to see which fits. That is not the duty of the Court.

Finally, the Court notes that Plaintiff has not argued the existence of circumstances enumerated in Section 2255(b)(10(B) that could excuse his failure to exhaust.

In accordance with Rule 11 of the Rules Governing Section 2254 proceedings, whenever the Court issues a final order adverse to the applicant the Court must determine whether to issue a certificate of appealability (COA). The Court grants COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. Sec. 2253(c)(2). To make this showing, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). In the case at hand, the Court sees no way in which a reasonable jurist could find the Court's assessment of Plaintiff's constitutional claim debatable or wrong. Rivera-Valentin may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

For the foregoing reasons, the Court hereby DENIES Plaintiff's 2254 Petition (D.E. 4) pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings, summary dismissal is in order, because it plainly appears from the record that Rivera-Valentin is not entitled to Section 2254 relief in this Court.

## III. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff **HECTOR M. RIVERA-VALENTIN**, is not entitled to

federal habeas relief on the claim presented. Accordingly, it is ordered that plaintiff **HECTOR M. RIVERA-VALENTIN's** request for habeas relief under 28 U.S.C. Sec. 2254 (D.E.#2) is **SUMMARILY DISMISSED.**  A request for COA is **DENIED.**

       **IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th of October 2012.

<u>S/ Jay A. Garcia-Gregory</u>
**JAY A. GARCIA-GREGORY**
**UNITED STATES DISTRICT JUDGE**